**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **ADOLPHUS B. WADE, JR.,** ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **No. 3:08-CV-1317-G-BF** |
| ) | |
| **RICK THALER, Director, Texas** ) | |
| **Dept. Of Criminal Justice, Correctional** ) | |
| **Institutions Division,** ) | |
| **Respondent.** ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C.

§ 636(b) and a standing order of reference from the district court.  The Findings, Conclusions

and Recommendation of the Magistrate Judge are as follows:

**I.  Parties**

Petitioner is an inmate in the Texas Department of Criminal Justice, Institutional

Division (TDCJ-CID).  He brings this petition for habeas corpus relief pursuant to 28 U.S.C.

§ 2254.  Respondent is Rick Thaler, Director of TDCJ-CID.

**II.  Background**

Petitioner is not challenging his conviction, but is challenging the revocation of his

mandatory supervision and the loss of good-time and street-time credits.

On April 2, 1979, Petitioner was convicted of aggravated robbery and was sentenced to

fifty years confinement. *State v. Wade*, No. F791202PI (Crim. Dist. Ct. No. 2, Dallas County,

Tex., Apr. 4, 1979). On June 2, 2000, Petitioner was released to mandatory supervision.

(Resp't's Answer, Ex. 1 at 3). On January 3, 2003, Petitioner's mandatory supervision was revoked. *Id.* With his supervision revocation, Petitioner also lost all accrued good-time and street-time credits.

On May 23, 2003, July 19, 2004, July 26, 2005, and May 30, 2006, Petitioner filed time credit dispute resolution forms challenging the loss of good-time and street-time. *Id.* On January 2, 2004, February 24, 2005, March 16, 2006, and April 30, 2007, Respondent denied Petitioner's claims. *Id.*

On January 29, 2007, Petitioner filed a state petition for habeas corpus. *Ex parte Wade*, Application No. 09,311-07. On March 12, 2008, the Texas Court of Criminal Appeals denied the petition without written order on the findings of the trial court. *Id.*

On July 31, 2008, Petitioner filed this federal petition for habeas corpus. Petitioner argues:

(1)     he was unlawfully denied the right to appeal or have a hearing regarding the revocation of his good-time credits;

(2)     he was unlawfully denied street and good time credits when determining the date of his sentence completion;

(3)     his mandatory supervision was incorrectly revoked; and

(4)     he was released to mandatory supervision under an invalid contract.

On December 9, 2008, Respondent filed an answer arguing the petition is time-barred. This Court now finds the petition should be dismissed as barred by limitations.

## II.  Discussion

### A.      Statute of Limitations

Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the AEDPA governs the present petition.  *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 2068 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings.  *See* Antiterrorism and Effective Death Penalty Act, Pub.L. 104-132, 110 Stat. 1214 (1996).  The one-year period is calculated from the latest of either: (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action; (C) the date on which the Supreme Court recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner has alleged no state-created impediment under subparagraph (B) that prevented him from filing his federal petition.  Nor does he base is petition on any new constitutional right under subparagraph (C).  With regard to subparagraph (A), the Court determines that it is inapplicable because it pertains to direct review of "the judgment," which is not at issue in this case.  The Court will therefore calculate the one-year statute of limitations under subparagraph (D), from the date the facts supporting the claims raised in the instant petition became known or

could have become known through the exercise of due diligence.

In the context of parole revocation proceedings, courts have determined that the very latest date on which a petitioner could or should have been aware of the loss of street time was when the Board revoked his parole and recommitted him to TDCJ. *See Biggins v. Dretke*, No. 3:03-CV-2005-P, 2004 WL 1898255 at *2 (N.D. Tex. Aug. 24, 2004); *Tweedy v. Dretke*, No. 4:03-CV-0520-A, 2003 WL 22724659 at *3 (N.D. Tex. Sept. 15, 2003).

In this case, Petitioner's revocation hearing was held on January 3, 2003, and was revoked that day. Petitioner then had one year, or until January 5, 2004, to file his federal habeas petition.[1]

The statute of limitations, however, is tolled while a proper application for collateral review is pending. *See* 28 U.S.C. § 2244 (d)(2). Petitioner filed his first time credit dispute resolution application on May 23, 2003. On January 2, 2004, his application was denied. This first application tolled the limitations period for 224 days. On July 19, 2004, Petitioner filed a second time credit dispute. On February 24, 2005, his application was denied. This application tolled the limitations period for 220 days. The statute of limitations was thus tolled for 444 days - the total time his time credit dispute resolution applications were pending. Petitioner then had until March 24, 2005 to file his federal habeas petition. He did not file his federal petition until July 28, 2008. His petition is therefore untimely.

Additionally, although Petitioner filed two more time dispute resolution applications, they were both filed after the limitations period expired and did not further toll the limitations period.

---

[1]Petitioner's deadline fell on Saturday, January 3, 2004. Pursuant to Fed. R. Civ. P. 6(a) his deadline for filing the petition was Monday, January 5, 2004.

On January 29, 2007, Petitioner filed a state habeas application. This application was also filed after the federal limitations period expired and it did not toll the limitations period.

**B.      Equitable Tolling**

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents sufficiently 'rare and exceptional circumstances' to justify equitable tolling" (quoting *Davis*, 158 F.3d at 811)). The Fifth Circuit has held that " '[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). Petitioner bears the burden of proof to show he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

In this case, Petitioner has made no argument that he is entitled to equitable tolling. Petitioner has failed to show rare and exceptional circumstances justifying equitable tolling.

**RECOMMENDATION**:

The Court recommends that the petition for a writ of habeas corpus be dismissed with prejudice as barred by the one-year limitation period.  *See* 28 U.S.C. §2244(d).

Signed this 21st  day of October,  2010.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner

provided by law. Any party who objects to any part of this report and recommendation must file

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific

finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's report and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific. Failure to file specific written objections will

bar the aggrieved party from appealing the factual findings and legal conclusions of the

magistrate judge that are accepted or adopted by the district court, except upon grounds of plain

error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).