UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



| | |
|---|---|
| ADOLPHUS B. WADE, JR.,           ) | |
| ) | |
| Petitioner,           ) | |
| ) | CIVIL ACTION NO. |
| VS.           ) | |
| ) | 3:08-CV-1317-G (BF) |
| RICK THALER, Director, Texas           ) | |
| Department of Criminal Justice,           ) | |
| Correctional Institutions Division,           ) | |
| ) | |
| Respondent.           ) | |

## ORDER ACCEPTING FINDING, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND DENYING A CERTIFICATE OF APPEALABILITY

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. The respondent objected to the magistrate judge's conclusions that (1) the petitioner was entitled to tolling on both his first and second time credit disputes, and (2) the statute of limitations was tolled for 444 days. After due and proper consideration of all portions of this file deemed relevant to the issue raised, the court accepts the magistrate judge's findings, conclusions, and recommendation subject to the exceptions discussed below.

The Fifth Circuit recently resolved questions regarding the length of the tolling period provided for prisoners who are prohibited from filing for state habeas relief under TEX. GOV'T CODE § 501.0081(b)(1)-(2), and the effect of successive time credit disputes on the statutory tolling period provided by 28 U.S.C. § 2244(d)(2). See *Stone v. Thaler*, 614 F.3d 136, 138-39 (5th Cir. 2010). In *Stone*, the Fifth Circuit held that a time credit dispute under Texas law tolls the § 2244(d)(2) limitations period for a maximum of 180 days because a prisoner is free to file a state habeas application in Texas if he has not received a written decision on his request after such time has elapsed. *Id.* at 139. The Fifth Circuit also concluded that because Texas law does not require a prisoner to file successive time credit disputes before applying for state habeas relief, and does not prohibit a prisoner from making a state habeas application during the pendency of any such dispute, the filing of successive time credit disputes does not further toll the limitations period. *Id.* Given the Fifth Circuit's decision in *Stone*, the court agrees with the respondent that the petitioner was entitled to tolling on only his first time credit dispute and only for a maximum period of 180 days.

With the qualifications set forth above, the magistrate judge's findings, conclusions, and recommendation are accepted as the findings and conclusions of the court.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **DENIES** a certificate of appealability. The court adopts and incorporates by reference the magistrate judge's findings, conclusions and recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).[*]

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:

> **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time

(continued...)

In the event, the petitioner will file a notice of appeal, the court notes that

>   (**X**)   the petitioner will proceed *in forma pauperis* on appeal.

>   (  )   the petitioner will need to pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis*.

**SO ORDERED**.

November 17, 2010.

/s/ A. Joe Fish
**A. JOE FISH**
**Senior United States District Judge**

---

[*](...continued)
to appeal.

**(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.